## IRA CURTIS *et al. versus* JAMES WAKEFIELD.

Upon an attachment of personal property, the creditor and officer, in order to induce a third person to receipt for the property, told him that they would take possession of it and discharge him from his liability on the receipt, whenever he should become dissatisfied and should give them notice thereof ; and he thereupon executed the receipt. The receipter subsequently gave notice of his dissatisfaction, but no possession was taken of the property by the officer, and it was in consequence carried off by the debtor, who absconded. The officer brought an action upon the receipt and recovered judgment. In an action by the receipter against the officer upon the verbal promise made at the time when the receipt was executed, it was *held*, that it was not collateral to and independent of the receipt, but was in the nature of a condition or defeasance thereof, and as such could not be established by parol evidence.

THIS was an action on the *case*, as the defendant contended, or of *assumpsit*, as was contended by Curtis and Lee, the plaintiffs. The defendant pleaded not guilty.

At the trial, before *Wilde* J., the plaintiffs proved, that the defendant, in September, 1830, as deputy sheriff, attached, at the suit of W. and W. & C. Laflin, certain personal property of L. & G. Stedman ; that the plaintiffs, on application being made to them to receipt for the property, were reluctant to do so ; but that the defendant and W. Laflin both told the plaintiffs, that if they would sign such receipt, they (the defendant and W. Laflin) would take possession of the property attached and discharge them from their liability on the receipt, whenever the plaintiffs should become alarmed and dissatisfied, and should give them notice thereof ; and that the plaintiffs thereupon, together with Henry Stedman, executed a writing, in which they acknowledge that they have received the property from Wakefield and promise to redeliver it to him in case execution shall issue against the defendants in the suit in which the attachment was made.

W. Laflin testified, that he directed the defendant to take the receipt subject to such agreement, and that the defendant acted in pursuance of his instructions.

The plaintiffs further proved, that Lee gave notice to W. Laflin, that they had become dissatisfied, and requested him to take possession of the property in pursuance of this agreement, and discharge them from their liability ; that W. Laflin

37 *

Curtis
v.
Wakefield.

accordingly directed the defendant to take possession of the property, and that the defendant agreed with Lee to do so, on the Thursday then next ; that the property, on that day, was in the possession of Henry Stedman, but the defendant did not take possession of it ; that on the succeeding Saturday, the Stedmans absconded, carrying off the property with them ; that the defendant afterwards brought an action against the plaintiffs on the receipt ; that in that action the plaintiffs offered parol evidence of these facts, but that it was held by the full Court, that the evidence was not admissible (*Wakefield* y. *Stedman*, 12 Pick. 562) ; and that the defendant recovered judgment in such action against the plaintiffs.

The case was taken from the jury and reserved for the consideration of the whole Court. A nonsuit or default was to be entered, according to their opinion.

*Sept.* 10*th.*

*Dewey* and *Bishop*, for the plaintiffs. The verbal agreement was wholly collateral to the written receipt, and did not conflict with it ; it therefore in itself constitutes a good cause of action. 3 Stark. Evid. 1048 ; *Davenport* v. *Mason*, 15 Mass. R. 85 ; *Pierce* v. *Woodward*, 6 Pick. 206 ; *Thompson* v. *Catholic Congr. Soc. in Rehoboth*, 5 Pick. 469 ; *Dox* v. *Dey*, 3 Wendell, 356 ; *Pordage* v. *Cole*, 1 Saund. 319 ; 1 Chitty on Pl. 313 ; *Chapin* v. *Merrill*, 4 Wendell, 657. This action is not between the same parties as the former one. Henry Stedman was not a party to the agreement upon which this action is founded ; and so the agreement could not be given in evidence in the former action against him and the present plaintiffs. As this contract is in its nature distinct from the receipt, the objection that parol evidence is inadmissible to contradict an agreement reduced to writing, does not arise.

*Byington* and *Porter*, for the defendant, to the point that if this action were sustainable, the sole effect of the judgment in the former action would be to give effect to this verbal agreement, and to furnish the plaintiffs with a ground of action to recover back the same sum on the same evidence, cited *Bliss* v. *Negus*, 8 Mass. R. 50 ; to the point, that if this verbal agreement did constitute a valid ground of action, it would have been held a valid defence to the former suit, in

<div style="float:right">Curtis
*v.*
Wakefield.</div>

order to prevent a circuity of action, *Turner* v. *Davies*, 2 Wms's Saund. 148, 150, note ; Com. Dig. *Action, H* ; *Smith* v. *Mapleback*, 1 T. R. 441 ; *Taft* v. *Montague*, 14 Mass. R. 282 ; and to the point, that where there is an agreement in writing, a party cannot avail himself of an anterior or coeval verbal contract to contradict it, either in defence to an action on the written agreement, or as a ground for a cross action, *Hoare* v. *Graham*, 3 Campb. 57 ; *Spring* v. *Lovell*, 11 Pick. 417 ; 3 Stark. Evid. 1002, note, 1007, note ; *Greaves* v. *Ashlin*, 3 Campb. 426; *Hunt* v. *Adams*, 7 Mass. R. 518; *Thompson* v. *Ketcham*, 8 Johns. R. 146; *Haynes* v. *Hare*, 1 H. Bl. 659 ; *Brigham* v. *Rogers*, 17 Mass. R. 571 ; *Gerrish* v. *Washburn*, 9 Pick. 341 ; *Bayard* v. *Malcolm*, 1 Johns. R. 467 ; *Austin* v. *Sawyer*, 9 Cowen, 39 ; *Erwin* v. *Saunders*, 1 Cowen, 249 ; *Frost* v. *Everett*, 5 Cowen, 497 ; *Griswold* v. *Messenger*, 6 Pick. 517 ; *Wilkinson* v. *Scott*, 17 Mass. R. 258.

<div style="float:right">*Sept.* 12*th.*</div>

*Per Curiam.* If this is an action of assumpsit, as claimed by the plaintiffs, they must prove the promise averred, by legal evidence. The Court are of opinion, that the promise relied on was not collateral to, and independent of, the written contract made between the parties, and which was considered in a former case ; *Wakefield* v. *Stedman*, 12 Pick. 562 ; but that it was part of the same contract, in the nature of a condition or defeasance, and as such cannot be set up and established by parol proof.

<div style="text-align:right">*Plaintiffs nonsuit.*</div>